UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN VINCENT FORD, CDCR #C-60512,<br><br>　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>J. LEWIS; DANIEL PARAMO; H. GREENWALD<br><br>　　　　　　　　Defendants. | Case No.: 3:16-cv-01126-LAB-BLM<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a) [ECF No. 3];**<br><br>**2) DENYING MOTION TO APPOINT COUNSEL [ECF No. 2];**<br><br>**AND**<br><br>**3) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SUMMONS AND COMPLAINT PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)** |

　　　Darren Vincent Ford ("Plaintiff"), currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") and proceeding pro se, initially filed a civil rights action pursuant to 42 U.S.C. § 1983 (ECF No. 1) in the Eastern District of California. Plaintiff

also filed a Motion to Proceed In Forma Pauperis ("IFP") (ECF No. 3), as well as a Motion to Appoint Counsel (ECF No. 2). On May 6, 2016, United States Magistrate Judge Craig M. Kellison determined that venue was proper in the Southern District of California and transferred the matter to this Court. (ECF No. 7.)

## I.  Plaintiff's Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ S. Ct. __, 136 S. Ct. 627, 629 (U.S. 2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

1  custody of the prisoner then collects subsequent payments, assessed at 20% of the
2  preceding month's income, in any month in which his account exceeds $10, and forwards
3  those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2);
4  *Bruce*, 136 S. Ct. at 629.

5       In support of his IFP motion, Plaintiff has submitted certified copies of his prison
6  trust account statements, and a prison certificate, verified by an accounting officer at
7  RJD, pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *See* ECF No. 2 at 4,
8  6-7; *Andrews*, 398 F.3d at 1119. This financial information shows that Plaintiff had an
9  available balance of zero at the time of filing. Therefore, the Court assesses no initial
10 partial filing fee pursuant to 28 U.S.C. § 1915(b)(1) because it appears Plaintiff is unable
11 to pay any initial fee. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a
12 prisoner be prohibited from bringing a civil action or appealing a civil action or criminal
13 judgment for the reason that the prisoner has no assets and no means by which to pay the
14 initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that
15 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP
16 case based solely on a "failure to pay . . . due to the lack of funds available to him when
17 payment is ordered.").

18      Accordingly, the Court GRANTS Plaintiff's Motion to Proceed IFP[2] (ECF No. 2),
19 declines to "exact" any initial filing fee because his prison certificate shows he "has no
20 means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the Secretary of the California
21 Department of Corrections and Rehabilitation ("CDCR"), or his designee, to collect the
22 entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and to forward them

---

[2] The Court takes judicial notice that Plaintiff has accumulated three "strikes" which would have the possibility of barring his right to proceed IFP in this matter pursuant to 28 U.S.C. § 1915(g). However, Plaintiff has made factual allegations regarding concerns that he faced imminent danger of serious physical injury at the time he filed his Complaint and thus, is entitled to the exception to the 1915(g) bar. *See Andrews*, 493 F.3d at 1055.

to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.*

## II.     Motion to Appoint Counsel

Plaintiff has also filed a Motion for Appointment of Counsel (ECF No. 3). However, there is no constitutional right to counsel in a civil case. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Under 28 U.S.C. § 1915(e)(1), district courts have some limited discretion to "request" that an attorney represent an indigent civil litigant. *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). However, this discretion may be exercised only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court **DENIES** Plaintiff's Motion (ECF No. 3) without prejudice because, as discussed below, it appears Plaintiff is capable of articulating the factual basis for his claims, and the likelihood of his success on the merits is not at all yet clear at this preliminary stage of the proceedings. *Id.* Therefore, neither the interests of justice nor any exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

## III.    Initial Screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A

Notwithstanding Plaintiff's IFP status or the payment of any filing fees, the PLRA also requires the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must sua sponte dismiss any complaint, or any portion of a complaint,

which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

/ / /

/ / /

As currently pled, the Court finds Plaintiff's Complaint contains claims sufficient to survive the "low threshold" for proceeding past the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012).

Accordingly, the Court will direct the U.S. Marshal to effect service upon the Defendants on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED. R. CIV. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

### III. Conclusion and Orders

Good cause appearing, the Court:

1. DENIES Plaintiff's Motion to Appoint Counsel (ECF No. 2) without prejudice.

2. GRANTS Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 3).

3. DIRECTS the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

4. DIRECTS the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

///

///

5.     DIRECTS the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) upon Defendants and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his Complaint (ECF No. 1), and the summons so that he may serve the Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

6.     ORDERS the U.S. Marshal to serve a copy of the Complaint and summons upon Defendants as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3).

7.     ORDERS Defendants to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond).

8.     ORDERS Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants, or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to FED. R. CIV. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or their counsel, and the date of that service. *See* S.D. CAL. CIVLR 5.2. Any ///

document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon Defendants may be disregarded.

IT IS SO ORDERED.

Dated: May 23, 2016

Hon. Larry Alan Burns
United States District Judge