UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN VINCENT FORD,<br><br>Plaintiff,<br><br>v.<br><br>J. LEWIS, DANIEL PARAMO, AND H. GREENWALD,<br><br>Defendants. | Case No.: 16CV1126-LAB(BLM)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND REQUEST TO SEAL**<br><br>**[ECF No. 14]** |

On June 26, 2016, Plaintiff filed a request for appointment of counsel that was accepted by the Court on discrepancy on July 19, 2016. ECF Nos. 13 and 14. Plaintiff requests that the Court appoint counsel to represent his interests in the instant matter. Id. at 1. In support, Plaintiff states that he is (1) indigent, (2) at risk of losing personal and/or property rights, (3) untrained in the law, (4) barred from access to the courts in violation of due process and equal protection in light of his poverty and incarceration, and (5) "likely to suffer adverse judgment" without adequate representation and access to the courts. Id. at 2. Plaintiff further states that he has a right to the appointment of legal counsel and that without such he will "continue to suffer deprivations of constitutional and/or other legal rights as stated above." Id. at 3. Finally, Plaintiff cites to two California state court cases, Yarbrough v. Superior Court, 39 Cal. 3d 197, 702 P.2d 583 (1985) and Payne v. Superior Court, 17 Cal. 3d 908, 553 P.2d 565 (1976) in

support of his position. Id. at 4. For the following reasons, Plaintiff's motion is **DENIED**.

### 1. Appointment of Counsel

The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25 (1981). However, under 28 U.S.C. § 1915(e)(1), courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances." Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004). A finding of exceptional circumstances demands at least "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Thus far, Plaintiff has drafted and submitted several pleadings and motions without the assistance of counsel. See Docket. In addition to the instant motion, he has submitted a complaint (ECF No. 1), a motion to proceed *in forma pauperis* (ECF No. 2), a previous motion for appointment of counsel (ECF No. 3), a consent to magistrate jurisdiction (ECF Nos. 5 and 6), and a notice of change of address (ECF No. 12). From the Court's review of these documents, it is clear that Plaintiff is able to articulate the claims of his case. The Court previously denied Plaintiff's request for counsel [see ECF No. 10] and Plaintiff's current request does not provide any new facts justifying such an extraordinary remedy. ECF No. 14. Further, Plaintiff does not demonstrate a likelihood of success on the merits such that his case should be classified as an "exceptional circumstance[]." Agyeman, 390 F.3d at 1103; see also Wilborn, 789 F.2d at 1331. Because Plaintiff has not alleged the requisite "exceptional circumstances" at this time, the Court **DENIES** without prejudice Plaintiff's request for appointment of counsel.

### 2. Request to Seal

In his prayer for relief, Plaintiff requests that the Court "order that all records pertaining to this motion be sealed subject to inspection only upon order of this court after a showing of good cause." ECF No. 14 at 7.

There's a strong presumption in favor of public access to judicial records and against

sealing.  See, Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096 (9th Cir. 2016) (stating that "we start with a strong presumption in favor of access to court records.")(quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003)); see also Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006).  Accordingly, as stated in Judge Major's chambers rules, "[a] sealing order may issue only upon a showing that the information is privileged or protectable under the law" and the "request must be narrowly tailored to seek sealing only of the confidential or privileged material."  See Honorable Barbara Lynn Major U.S. Magistrate Judge Chambers Rules.[1]  Here, Plaintiff fails to tailor his request or explain in any way why the information contained in the instant motion should be sealed.  ECF No. 14.  Additionally, much of the information contained in the instant motion already appears on the docket unsealed.  See Docket.  For example, Plaintiff's previous motions reveal that he is indigent and seeking the assistance of counsel and Plaintiff's complaint explains the basis of his claims and background on the basis of Plaintiff's incarceration.  See ECF Nos. 1-3.  Because Plaintiff has failed to demonstrate good cause for sealing the instant motion and order, and in light of the Court's presumption in favor of access to judicial records, Plaintiff's request to seal "all records pertaining to this motion" is **DENIED**.

**IT IS SO ORDERED**.

Dated:  7/19/2016

Hon. Barbara L. Major
United States Magistrate Judge

---

[1] Available at https://www.casd.uscourts.gov/Rules/SitePages/Home.aspx