UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN VINCENT FORD,<br><br>                                Plaintiff,<br><br>v.<br><br>J. LEWIS, DANIEL PARAMO, AND H. GREENWALD,<br><br>                                Defendants. | Case No.:  16CV1126-LAB(BLM)<br><br>**ORDER DENYING PLAINTIFF'S THIRD AND FOURTH MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF Nos. 18 and 19]** |

On July 15 and 19, 2016, Plaintiff filed two requests for appointment of counsel that were accepted by the Court on discrepancy on July 27, 2016.  ECF Nos. 16-19.[1]  Plaintiff filed the motions requesting the appointment of counsel to assist him because he is (1) entitled to protection under the Americans with Disabilities Act ("ADA") due to his hearing problems and a mental disability which makes it difficult for him "to understand the legal process or legal materials," (2) indigent, and (3) unable to find an attorney willing to assist him.  ECF No. 18 at 1 and 19 at 1.

///

---

[1] In his motion, Plaintiff also asserts that he has been moved to a new facility and provides the Court with his updated address.  ECF No. 18 at 1.

### A. Appointment of Counsel

The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25 (1981). However, under 28 U.S.C. § 1915(e)(1), courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances." Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004). A finding of exceptional circumstances demands at least "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

### B. Competency

In Allen v. Calderon, 408 F.3d 1150, 1153-54 (9th Cir. 2005)[2], the Ninth Circuit Court of Appeals explained that a district court must hold a competency hearing "when substantial evidence of incompetence is presented." Allen, 408 F.3d at 1153. If a competency hearing is warranted, the Court may appoint counsel for the limited purpose of representing the petitioner at the competency hearing. Id. (citing Rule 8(c) of the Rules Governing Section 2254 Cases ("[i]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A")). In determining whether Petitioner has presented "substantial evidence of incompetence," the Court may consider any appropriate evidence including sworn declarations by Petitioner or other inmates, sworn declarations or letters from treating or prison psychiatrists or psychologists, and relevant medical records. Allen, 408 F.3d at 1151-53.

///

---

[2] While Allen was written in the context of a habeas case, it has been applied in cases under section 1983. See Tran v. Gore, 2013 WL 692089, *3 (S.D. Cal. Feb. 25, 2013) (citing McElroy v. Cox, 2009 WL 4895360, *3 (E.D. Cal. Dec. 11, 2009) (a § 1983 case where "Judge Battaglia applied Allen and found that there was no nexus between Plaintiff's mental disorder and his ability to articulate his claims.").

### C. Discussion

The Court has reviewed the instant motions, the complaint (ECF No. 1), a motion to proceed *in forma pauperis* (ECF No. 2), a previous motion for appointment of counsel (ECF No. 3), a consent to magistrate jurisdiction (ECF Nos. 5 and 6), a notice of change of address (ECF No. 12), and a second motion for appointment of counsel (ECF No. 14). From the Court's review of these documents, it is clear that Plaintiff is able to articulate the claims of his case without legal assistance. Under such circumstances, a district court does not abuse its discretion in denying a state prisoner's request for appointment of counsel as it is simply not warranted by the interests of justice. See LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987) (affirming district court's denial of request for appointment of counsel where pleadings demonstrated petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions"). The Court previously denied Plaintiff's request for counsel [see ECF Nos. 10 and 15] and Plaintiff's current requests do not provide any new facts justifying such an extraordinary remedy. ECF Nos. 18-19. Further, Plaintiff does not demonstrate a likelihood of success on the merits such that his case should be classified as an "exceptional circumstance[]." Agyeman, 390 F.3d at 1103; see also Wilborn, 789 F.2d at 1331

It is unclear if Plaintiff is requesting the appointment of counsel because he is incompetent due to a mental disability. ECF No. 19 at 1. Plaintiff merely states that he suffers from a mental disability that makes it difficult to understand the legal process and legal materials. Id. However, he does not allege that he currently is suffering from a mental illness that prevents him from understanding and responding to court orders or provide any evidence of such incompetency. Id. Additionally, the Court's review of Plaintiff's filings in this matter does not support such a position. Furthermore, while Plaintiff mentions that he suffers from a hearing disability, he provides no further details such as how his hearing is compromised or how this disability impacts his ability to represent himself. Id. Accordingly, the Court finds the pleadings filed to date do not establish that Plaintiff currently is incompetent and requires the appointment of counsel on this basis.

Because Plaintiff has not alleged the requisite "exceptional circumstances" at this time or

provided any evidence in support of the appointment of counsel for a competency hearing, the Court **DENIES** without prejudice Plaintiff's request for appointment of counsel.

**IT IS SO ORDERED**.

Dated: 8/3/2016

Hon. Barbara L. Major
United States Magistrate Judge