# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| DARREN VINCENT FORD, | CASE NO. 16cv1126-LAB (BLM) |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION PURSUANT TO FED. R. CIV. P. 59;** |
| vs. | **ORDER OVERRULING OBJECTIONS TO REPORT AND RECOMMENDATION AND TO DISCOVERY ORDER; AND** |
| J. LEWIS, et al., | |
| Defendants. | **ORDER OF DISMISSAL** |

Darren Vincent Ford, a prisoner in state custody, filed this action bringing claims under 42 U.S.C. § 1983. The matter was referred to Magistrate Judge Barbara Major for a report and recommendation. Defendants then moved to dismiss, and Ford filed an opposition. Ford also filed two discovery motions, the first of which Judge Major denied in a separate motion. (Docket no. 37.) On December 5, 2016, Judge Major issued her report and recommendation (the "R&R"), which recommended granting the motion to dismiss, and which also denied his second discovery motion. (Docket no. 44.) Ford filed objections to the R&R, and also a "Motion to Alter or Amend the Judgment," citing Fed. R. Civ. P. 59(e) and referring apparently to the R&R. Judge Major denied as moot the motion to amend the R&R, noting it was not a judgment.

/ / /

**Motion to Alter or Amend**

It isn't clear what Ford intended his rule 59 motion to apply to. All it does is plead for relief in a very generalized way, and string-cite various authorities. Assuming he intended it to apply to the R&R, Judge Major was correct: a report and recommendation is not a judgment.

It is possible, however, that Ford intended to object to one or both of Judge Major's rulings on discovery motions. *See* Fed. R. Civ. P. 72(a). If that is the case, however, his request is denied. First, his objections are untimely. *See id.* Second, his discovery motions were correctly denied. To a great extent they are not even requests for discovery but general arguments in favor of his case. To the extent they do request discovery, they lack merit. Ford's motion for discovery is a mere paragraph asking Judge Major to issue a discovery order so that he "will become more educated for his case without any unwanted surpri[s]es that Plaintiff is not prepared for.") (Docket no. 36.) His motion for production of documents goes to the other extreme, and is overly broad and burdensome; it asks Defendants to identify and produce "all the material and information of their side of the case"(Docket no. 43 at 1:20–23 (Motion for Production of Documents); *see also* 2:13–15 (requesting all documents and case law that Defendants believe justify their actions).) Furthermore, until he pleads a claim, he is not entitled to impose burdensome discovery on Defendants. *See, Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) (holding that where a complaint failed to state a cognizable federal claim, the § 1983 plaintiff was "not entitled to discovery, cabined or otherwise"); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery.")

Even construing the Rule 59 motion as objections to the R&R does not help Ford, because it is nothing more than a generalized argument that his claims have merit and he wants and needs relief. For reasons discussed below, these general objections do not require *de novo* review of the R&R.

Ford's Rule 59(e) motion is therefore **DENIED**.

**Report and Recommendation: Legal Standards**

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id*. "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court reviews de novo those portions of the R&R to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *Id*. Only specific objections invoke the Court's review; vague, generalized, or highly conclusory objections are insufficient. *See, e.g., Rodriguez v. Hill*, 2015 WL 366440 at *1 (S.D. Cal., Jan. 23, 2015) (citing authority). Objections that would not alter the outcome are moot, and the can be overruled on that basis alone. *See DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974)).

**Discussion**

Ford is serving two sentences of 25 years to life for two counts of annoying or molesting a child in violation of California Penal Code § 647(c)(2). He claims Defendants are violating his constitutional rights by denying him treatment as a sex offender or sexually violent predator at a state mental hospital. He does not dispute that he is being provided with mental health treatment while in prison, but argues that he is entitled to be released from prison and sent to a state mental hospital instead, so that he can be given mental health treatment he thinks is more appropriate. The complaint makes clear that the kind of treatment he is seeking is unavailable at any California prison. It does not make clear what relief he is seeking, but it appears he is asking the Court for injunctive relief on his own behalf. He is also seeking relief on behalf of other prisoners throughout the state, and asks for $300,000 in damages.[1] (Compl. at 7.)

///

---

[1] In his Objections, Ford abandons his claim for money damages. (Objections at 16.)

1    Defendants argued that Ford's claims should be dismissed for failure to state a claim
2 under either the Eighth or Fourteenth Amendments, because the Court lacks jurisdiction to
3 grant the injunctive relief Ford asks for, because Defendants lack the authority to comply
4 with such an injunction, and because Defendants are entitled to both Eleventh Amendment
5 immunity and qualified immunity.  The R&R correctly sets forth the standards for § 1983
6 claims and for motions to dismiss.

7    Ford made a wide range of objections in a rambling format.  None were specific or
8 pointed out any material error in the R&R. In part he objects to the R&R's wording.  (*See*,
9 *e.g.*, Objections (Docket no. 46) at 2:1–8.)  He repeats his discovery requests which, as
10 discussed above, lack merit.  He complains about the state court procedures that resulted
11 in his conviction and incarceration rather than civil commitment, and argues that the state
12 courts committed errors of state law.  At length he repeats arguments raised in his complaint,
13 contending that his confinement in a state mental hospital is much more appropriate and
14 would comply with state law.  He argues that his offenses were not particularly serious,
15 suggesting that he would be a good candidate for civil confinement.  In essence, he argues
16 that the relief he seeks would be a good idea, and is appropriate under state law.

17    Ford also points out that in prison, child molesters are often subject to more
18 mistreatment than other prisoners.  He complains about the justice system and prison in
19 general. But prison officials' failure to protect him is not the basis for his claim: He does not
20 point out any specific dangers he is being exposed to, does not argue that prison officials
21 are indifferent to serious threats to his safety, and does not seek additional protection while
22 in prison.

23    Even assuming Ford had made specific objections, his claims would be denied.  The
24 Defendants are all prison officials, and have no authority to commute his prison sentences
25 to a civil commitment.  If there are any officials who have this authority, they are not parties
26 to this action.[2]  *See Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th

---

28    [2] Officials with authority to commute a sentence or to order Ford civilly committed are almost certainly immune from suit, at least as to the claims he raises in this case.

1  Cir.1985) (holding that a federal court "may not attempt to determine the rights of persons not before the court").  The court does not have authority to order other state officials to commute or otherwise modify Ford's sentences or to have him civilly committed.  Ford does not dispute he is being offered psychological treatment and does not argue that any better treatment is available to him in prison; instead, he argues that the available treatment is insufficient, and that he is entitled under state law to be civilly committed so that he can have sex offender treatment in a state mental hospital.  This does not amount to either deliberate indifference under the Eighth Amendment, or a due process violation under the Fourteenth Amendment.  Ford does not have a constitutional right, or any other federally-created right to the treatment he is seeking.  *See Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 470 (9th Cir. 1989) (holding that states are not required to provide special psychological treatment programs for incarcerated sex offenders).  Furthermore, his arguments that state officials ignored or violated state law do not give rise to a federal claim cognizable under § 1983. *See, e.g., West v. Atkins*, 487 U.S. 42, 48–49 (1988) (holding that one element of a § 1983 claim is the violation of a right secured by the Constitution or federal law); *Shanks v. Dressel*, 540 F.3d 1082, 1088–89 (9th Cir. 2008) (explaining that ordinary violations of state law, without more, do not give rise to a substantive due process claim).

Even assuming Ford had not abandoned his claim for monetary damages, Defendants would be entitled to qualified immunity. *See Mitchell*, 472 U.S. at 526 ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal . . . .") To the extent relief is sought against them in their official capacities, they would also be entitled to Eleventh Amendment immunity.

/ / /
/ / /
/ / /
/ / /
/ / /

**Conclusion and Order**

For the reasons set forth above, Ford's objections to the R&R are **OVERRULED**. Defendants' motion to dismiss is **GRANTED**, and the complaint is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

DATED: January 11, 2017

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge