1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN VINCENT FORD,<br><br>                                    Plaintiff,<br><br>        vs.<br><br>J. LEWIS, et al.,<br><br>                                    Defendants. | CASE NO. 16cv1126-LAB (BLM)<br><br>**ORDER REVOKING PLAINTIFF'S *IN FORMA PAUPERIS* STATUS** |

After the Court dismissed Plaintiff Darren Ford's complaint, he took an appeal. The Ninth Circuit referred this matter to the Court for the limited purpose of determining whether Ford's *in forma pauperis* status should continue for the appeal or whether the appeal is frivolous or taken in bad faith.

Ford is a prisoner in state custody, serving two sentences of 25 years to life.  In this § 1983 civil rights action, Ford asked the Court to order Defendants to provide him with mental health treatment specifically for sex offenders.  He did not contend that he was denied mental health treatment altogether, but argues that he ought to receive treatment specifically for sex offenders.  He believes he ought to be released from prison and civilly committed to the care of a state hospital, which is the only facility where he could receive the treatment he wants.  (*See* Objections to Report and Recommendation, Docket no. 46, at 4:1–9, 9:1–5.)  He points to state law that, in his view, mandates a civil commitment. (*See*

Opp'n to Mot. to Dismiss, Docket no. 34, at 15:12–23.)[1]  He abandoned any claim for damages. (Obj. at 16, ¶ 1.)  He argues that, in general, sex offenders are subject to mistreatment at the hands of other prisoners, but he does not claim Defendants have failed or are failing to protect him and he is not seeking increased security.  In other words, he wants to be released from prison and put into a mental hospital.

Defendants, citing documents attached to the complaint, point out that Ford was being provided with outpatient treatment and that he routine access to mental health services and clinical staff. (Complaint, Docket no. 1, at 27.)  Ford does not dispute any of this.  Instead, his contention is that the generalized outpatient care he is being received is inadequate and that Defendants are wrong in thinking he is receiving appropriate mental health care.

Although Ford is in effect seeking release from custody, the Court liberally construed his complaint as a § 1983 claim rather than a habeas petition.  Had the Court construed it as a habeas petition, it would have been subject to immediate dismissal for failure to comply with several of AEDPA's requirements.   To the extent Ford has any § 1983 claims, they must arise under federal law. *See, e.g., West v. Atkins*, 487 U.S. 42, 48–49 (1988) (holding that one element of a § 1983 claim is the violation of a right secured by the Constitution or federal law).  His arguments that state officials ignored or violated state law do not give rise to a federal claim cognizable under § 1983.  *Shanks v. Dressel*, 540 F.3d 1082, 1088–89 (9th Cir. 2008) (explaining that ordinary violations of state law, without more, do not give rise to a substantive due process claim). Because Defendants are offering him mental health care, they cannot be held liable for deliberate indifference to his serious medical needs, even if he disagrees with their decision about what kind of care to offer. *See Toguchi v. Chung*, 391 F.3d 1051, 1060–61 (9th Cir. 2004) And he does not have a constitutional right, or any other federally-created right to the treatment he is seeking. *See Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 470 (9th Cir. 1989) (holding that states are not required to provide

---

[1] In fact, the procedure for referring a prisoner for release to the Department of State Hospitals involves discretionary determinations by a number of officials who are not parties to this action.  (*See* Report and Recommendation at 4:27–5:5 (citing the California Department of Corrections and Rehabilitation's 2009 Mental Health Services Delivery System Program Guide, which Ford relied on in the complaint).)

special psychological treatment programs for incarcerated sex offenders). To the extent he may be raising any state-law claims, Defendants are immune. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984).

Furthermore, no Defendant has the power to release Ford from prison and to commit him to a state mental hospital.  So even if Ford had a valid claim, which he does not, the Court could not grant him the relief he requests. *See Zepeda v. United States Immigration Service,* 753 F.2d 719, 727 (9th Cir.1985) (holding that a federal court "may not attempt to determine the rights of persons not before the court"). The officials and entities who have that power (the Department of State Hospitals, the Board of Parole Hearings, the District Attorney, and state judges) are not parties to this case.  And in any event, they would be immune as well.

Ford made untimely objections to the denial by Magistrate Judge Barbara Major of his two discovery motions, but those motions were properly denied, for reasons set forth in the Court's order of dismissal.

The Court therefore determines that any appeal from its order of dismissal would be frivolous, and **REVOKES** Ford's *in forma pauperis* status.


**IT IS SO ORDERED**.

DATED:  February 13, 2017

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

- 3 -

16cv1126